UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEAKA MOBLEY-STREET, by and through
her Next Friend, MEAKA MOBLEY
        Plaintiff,

vs.

DETROIT PUBLIC SCHOOLS
        Defendants.

USDC No.:
Hon.:

Wayne Circuit Court
Case No.: 15-000649-NO

---

**CHRISTOPHER J. TRAINOR (P42449)**
**KRYSTINA R. DOSS (P77365)**
Attorney for Plaintiff
9750 Highland Road
White Lake, MI 48386
Phone: (248) 886-8650

**DETROIT PUBLIC SCHOOLS**
**OFFICE OF THE GENERAL COUNSEL**
**THEOPHILUS E. CLEMONS (P47991)**
Attorney for Defendant Detroit Public
Schools and Christopher Lockhart
Detroit Public Schools
Office of the General Counsel
3011 W. Grand Blvd., Ste. 1002
Detroit, MI 48202
P: 313-873-4527
F: 313-748-6135
theophilus.clemons@detroitk12.org

---

## DEFENDANTS DETROIT PUBLIC SCHOOLS AND CHRISTOPHER LOCKHARTS NOTICE OF REMOVAL

NOW COME Defendants DETROIT PUBLIC SCHOOLS AND CHRISTOPHER LOCKHART by and through their undersigned counsel, and hereby give notice of removal of the above-captioned action to the United States District Court for the Eastern District of Michigan, and in support state as follows:

1. A civil action has been commenced and is now pending in the Wayne County Circuit Court, Case No. 15-000649-NO wherein TEAKA MOBLEY-STREET, b/n/f MEAKA MOBLEY is the Plaintiff and DETROIT PUBLIC SCHOOLS and CHRISTOPHER LOCKHART are Defendants.

2. The above described action is a civil action of which the United States District Courts have original jurisdiction in that Plaintiff claims damages arising from Defendant's alleged violation of the Fourth and Fourteenth Amendments to the United States Constitution or laws of the United States pursuant to 28 USC § 1331.

3. Plaintiff also brings state law claims which arise out of the same transaction or occurrence as her United States Constitution claims. Plaintiff's state law claims are also related to her Untied States Constitution claims that they form part of the same case or controversy and are, therefore, within the supplemental jurisdiction of this Court pursuant to 28 USC § 1367.

4. Removal jurisdiction exists pursuant to 28 USC § § 1331 and 1441 (a) and (b).

5. This Notice of Removal is timely filed pursuant to 23 USC § 1446 (b) because it is filed within 30 days after receipt by the undersigned

attorney through service, of a copy of Plaintiff's Amended Complaint and Jury Demand in this matter. (Exh 1, Amended Complaint and Jury Demand, and Proofs of Service).

6. Co-Defendants First Student, Inc. and Andri Morning have been served with process in this action and consent to and join in the removal of this action.

7. Pursuant to 28 USC § 1446 (d), Defendant DETROIT PUBLIC SCHOOLS has provided written notice of the filing of this Notice of Removal to Plaintiff's counsel and has filed a copy of this Notice of Removal with the Clerk of the Wayne County Circuit Court, State of Michigan.

8. A copy of Plaintiff's Complaint and Jury Demand, the only pleading served upon Defendant Detroit Public Schools in this action, is attached hereto as Exhibit 1.

WHEREFORE Defendants DETROIT PUBLIC SCHOOLS and CHRISTOPHER LOCKHART give notice that this action is removed from Wayne County Circuit to this Court.

Respectfully submitted,

s/Theophilus E. Clemons
THEOPHILUS E. CLEMONS (P47991)
Senior Litigation Counsel
Attorney for Defendants
Detroit Public Schools and Christopher Lockhart
DETROIT PUBLIC SCHOOLS
Office of the General Counsel
3011 W. Grand Blvd., Ste. 1002
Detroit, MI 48202
P: 313-873-4527 / F: 313-7486135
theophilus.clemons@detroitk12.org

December 21, 2015

## PROOF OF SERVICE

The undersigned certifies that on December 21, 2015 she served a copy of the Notice to Wayne County Circuit Court of Removal to United States District Court, and Defendants Detroit Public Schools and Christopher Lockhart's Notice of Removal, and Civil Cover Sheet along with this Proof of Service upon all counsel of record via first class mail, postage fully prepaid to the address as disclosed on the pleadings.

s/TaJuanda Greene
TAJUANDA GREENE

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TEAKA MOBLEY-STREET,
by and through her Next Friend,
MEAKA MOBLEY,

    Plaintiff,

v.

FIRST STUDENT, INC., DETROIT PUBLIC
SCHOOLS, ANDRI MORNING, and
CHRISTOPHER LOCKHART,
in their individual and official capacities,

    Defendants.

CASE NO: 15-000649-NO
HON. JOHN H. GILLIS, JR.

15-000649-NO
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/9/2015 4:27:32 PM
CATHY M. GARRETT

| CHRISTOPHER TRAINOR & ASSOCIATES | GARAN LUCOW MILLER, P.C. |
|---|---|
| CHRISTOPHER J. TRAINOR (P42449) | MARK SHREVE (P29149) |
| AMY J. DEROUIN (P70514) | Attorney for Defendants |
| KRYSTINA R. DOSS (P77365) | 1111 W. Long Lake Road, Ste. 300 |
| Attorneys for Plaintiff | Troy, MI 48098-6333 |
| 9750 Highland Road | 248-641-7600 |
| White Lake, MI 48386 | 248-641-0222-fax |
| (248) 886-8650 | mshreve@garanlucow.com |

## AMENDED COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **TEAKA MOBLEY-STREET,** by and through her Next Friend, **MEAKA MOBLEY,** by and through her attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, and for her Complaint against the above-named Defendants, states as follows:

1.     Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.     Defendant FIRST STUDENT, INC. is a foreign profit corporation organized and existing under the laws of the State of Delaware that conducts business throughout Michigan, including Defendant ANDRI MORNING was and/or is a school bus driver employed by Defendant FIRST STUDENT, INC.

1

3. Defendant CHRISTOPHER LOCKHART was and/or is an employee of the Detroit Public Schools and was the Principal at Marquette Elementary-Middle School, which is part of the Detroit Public Schools, located in the City of Detroit.

4. Defendant Detroit Public Schools ("DPS") is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

5. The actions giving rise to this cause of action occurred in the City of Detroit, County of Wayne, State of Michigan.

6. That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00) exclusive of costs, interest, and attorney fees.

## FACTS

7. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

8. At all relevant times herein, Plaintiff was an enrolled student at Marquette Elementary-Middle School.

9. On or about January 16, 2013, Plaintiff was being harassed and threatened by a group of female students at Marquette Elementary-Middle School.

10. This harassment and threatening behavior led to an altercation between Plaintiff and the group of female students.

11. After the altercation, Plaintiff told the principal of Marquette Elementary-Middle School that she did not want to ride home on the school bus because she feared another altercation involving the same group of female students.

12. After school was dismissed for the day, an altercation began between Plaintiff and the female students in front of Marquette Elementary-Middle School.

13. The Principal, Defendant CHRISTOPHER LOCKART, intervened, and handcuffed PLAINTIFF only, and then took PLAINTIFF into the school in handcuffs.

14. At all relevant times, Defendant CHRISTOPHER LOCKHART was an employee, agent, and/or representative of Defendant DETROIT PUBLIC SCHOOLS.

15. PLAINTIFF was eventually released from handcuffs and escorted back outside by Defendant CHRISTOPHER LOCKHART.

16. Defendant CHRISTOPHER LOCKHART then brought Plaintiff and her younger sister to a school bus, which was owned and operated by Defendant FIRST STUDENT, INC., and told Defendant ANDRI MORNING that Plaintiff and her younger sister would be walking home that day for Plaintiff's own safety.

17. At all relevant times, Defendant ANDRI MORNING was an employee, agent, and/or representative of Defendant FIRST STUDENT, INC.

18. Defendant CHRISTOPHER LOCKHART then told Plaintiff and her sister to walk home rather than ride the school bus.

19. After being authorized to do so, Plaintiff and her younger sister began walking home due to fear of another altercation involving the group of female students at Marquette Elementary-Middle School.

20. While Plaintiff was walking home with her younger sister, Defendant ANDRI MORNING stopped the school bus at an unauthorized stop in close proximity to where Plaintiff and her younger sister were walking and let out a group of about 15 students, including the female students that had threatened and harassed Plaintiff earlier in the day.

21. As a direct result of Defendant ANDRI MORNING's actions, a group of female students viciously beat Plaintiff by kicking and punching her.

22. Defendant ANDRI MORNING did not try to stop the vicious beating or call for help at all.

23. Instead, Defendant ANDRI MORNING let some of the 15 students, including the same group of female students that had just viciously beaten Plaintiff, back on the bus and drove off.

24. As a result, Plaintiff suffered injuries and damages including, but not limited to, neck injuries, back injuries, head injuries, post-traumatic stress disorder, depression, anxiety, and mental anguish.

## COUNT I
## NEGLIGENCE OF DEFENDANT ANDRI MORNING AND VICARIOUS LIABILITY OF DEFENDANT FIRST STUDENT INC.

25. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

26. Defendant ANDRI MORNING, as a bus driver for Defendant FIRST STUDENT, INC., owed the following duties to Plaintiff:

    a. the duty to only make stops authorized on the route sheet;

    b. the duty to model appropriate behavior and create an environment of mutual respect, civility, tolerance, and acceptance among students;

    c. the duty to promote student understanding that bullying and harassment are inappropriate and harmful;

    d. the duty to take reasonable measures to prevent bullying and harassment;

    e. the duty to report bullying and harassment in a timely manner;

    f. the duty to intervene to protect and prevent students from being viciously beaten by other students;

    g. the duty to deny students the privilege of riding a school bus as a result of unacceptable behavior;

4

      h.    the duty to prevent the assault and battery of a student by a group of other students;

      i.    other duties not heretofore mentioned.

27. The aforementioned duties were breached by Defendant ANDRI MORNING, without regard to the Plaintiff's rights or welfare.

28. Defendant ANDRI MORNING'S acts and/or omissions were the direct and proximate cause of Plaintiff's damages.

29. Defendant FIRST STUDENT, INC. is vicariously liable for the negligence of its agent, employee, and/or representative Defendant ANDRI MORNING.

## COUNT II
## VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS RIGHTS

30. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

31. At all times mentioned herein, Defendant CHRISTOPHER LOCKHART was acting under color of law and in the course and scope of his employment with Defendant Detroit Public Schools.

32. The Due Process clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall…deprive any person of life, liberty, or property without due process of law."

33. Plaintiff Teaka Mobley-Street had liberty interests in her own physical safety.

34. By his conduct, Defendant CHRISTOPHER LOCKHART showed intentional, outrageous, and reckless disregard for Plaintiff's clearly established constitutional rights.

35. Defendant CHRISTOPHER LOCKHART restrained Plaintiff from leaving school property after the end of the school day, including the outrageous act of placing Plaintiff, who was

not the aggressor, in handcuffs, and restraining her liberty interests by escorting her back into the school in handcuffs.

36. Defendant CHRISTOPHER LOCKART's actions and/or inactions showed deliberate indifference to Plaintiff's clearly established Fourteenth Amendment rights, and deprived Plaintiff of her clearly established constitutionally protected rights.

37. The harm caused to Plaintiff was foreseeable and a fairly direct cause of Defendant CHRISTOPHER LOCKHART's willful disregard of Plaintiff's clearly established Fourteenth Amendment rights.

38. As the direct and proximate result of Defendant LOCKHART's acts and/or omissions, Plaintiff suffered injuries and damages. Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. §1983 including costs, interest, and attorney fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, interest, and attorney fees.

## COUNT III
## DETROIT PUBLIC SCHOOLS' CONSTITUTIONAL VIOLATIONS

39. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

40. Acting recklessly, intentionally, and/or with deliberate indifference, Defendant Detroit Public Schools practiced and/or permitted customs, practices, and/or policies, which resulted in the violations of Plaintiff's constitutional rights complained of herein.

41. These custom, practices, and/or policies included but were not limited to:

    a. Failure to supervise administrators, teachers, and other employees to ensure that they act in the best interest of those in their care and custody upon the schools' premises, and to prevent unnecessary injuries as a result of improper observance of due process considerations;

    b. Failure to conduct investigations to ensure the protection of students on school grounds, and/or take protective action to ensure students' safety when direct actions of the school or school staff create dangerous situations for the students in its custody and care;

    c. Failure to train its administrators, teachers, and other employees in the proper procedure and policies regarding students' constitutional rights and the correct observance of the policies and procedure that promote the protection of students' constitutional rights on the school campus;

    d. Failure to supervise, review, and/or discipline its administrators, teachers, and other employees whom Defendant Detroit Public Schools knew or should have known were acting contrary to policies and procedures involving students' rights and the correct observance of policies and procedures that promote the protection of students' constitutional rights, thereby permitting and/or encouraging such conduct, and thus depriving students of their constitutional rights.

42. As the direct and proximate result of Defendant Detroit Public Schools' acts and/or omissions, Plaintiff suffered injuries and damages. Plaintiff has viable claims for compensatory and punitive damages pursuant to 42 U.S.C. §1983 including costs, interest, and attorney fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants in an amount which is fair, just, reasonable, and in excess of Twenty-Five Thousand Dollars ($25,000.00).

                                      Respectfully Submitted,
                                      CHRISTOPHER TRAINOR & ASSOCIATES

                                      /s/ Krystina R. Doss
                                      CHRISTOPHER J. TRAINOR (P42449)
                                      AMY J. DEROUIN (P70514)
                                      KRYSTINA R. DOSS (P77365)
                                      Attorneys for Plaintiff
                                      9750 Highland Road
                                      White Lake, MI 48386
                                      (248) 886-8650

Dated: October 14, 2015
KAK

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>3RD JUDICIAL CIRCUIT<br>COUNTY PROBATE | *Amended*<br>**SUMMONS AND COMPLAINT** | **CASE NO.**<br>15-000649-NO<br>JOHN H. GILLIS, JR |

Court address: Two Woodward Avenue, Detroit, MI 48226

Court telephone no.: (313) 224-5510

**Plaintiff's name(s), address(es), and telephone no(s).**
TEAKA MOBLEY-STREET, by and through her Next Friend, MEAKA MOBLEY

v

**Defendant's name(s), address(es), and telephone no(s).**
CHRISTOPHER LOCKHART

**Plaintiff's attorney, bar no., address, and telephone no.**
Christopher J. Trainor (P42449)
Krystina R. Doss (P77365)
9750 Highland Road
White Lake, MI 48386
248-886-8650

Christopher Lockhart

15-000649-NO
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/9/2015 4:27:32 PM
CATHY M. GARRETT

15-000649-NO
FILED IN MY OFFICE
WAYNE COUNTY CLERK
12/4/2015 2:49:06 PM
CATHY M. GARRETT

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 11/9/2015 | 2/8/2016 | Debra Bynum |

*This summons is invalid unless served on or before its expiration date.*
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
- There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
- An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
- ☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
- ☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in Wayne County Circuit Court Court.
The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 15-000649-NO | John H. Gillis, Jr. | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Detroit, Wayne County | Wayne County |

Place where action arose or business conducted: Wayne County

Date: 11/09/2015

Signature of attorney/plaintiff: /s/ Krystina R. Doss

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. 15-000649-NO |
|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

**OR**

☒ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☒ served personally a copy of the summons and complaint, *interrogatories, request for production + Dep notice*
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Christopher Lockhart | 15755 Bremen<br>Detroit MI 48224 | 11/24/15<br>2:15pm |

I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature: *Brian Cerech*
Name (type or print): *Brian Cerech*
Title: *Process Server*

Subscribed and sworn to before me on 11/24/15, *Macomb* County, Michigan.
My commission expires: 8/13/21
Signature: _____ Deputy court clerk/Notary public
Notary public, State of Michigan, County of *Macomb, Acting in Macomb County*

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____ Attachments
on _____
Day, date, time
_____ on behalf of _____
Signature

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>3RD JUDICIAL CIRCUIT<br>COUNTY PROBATE | *Amended*<br>SUMMONS AND COMPLAINT | CASE NO.<br>15-000649-NO<br>JOHN H. GILLIS, JR |

Court address
Two Woodward Avenue, Detroit, MI 48226

Court telephone no.
(313) 224-5510

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| TEAKA MOBLEY-STREET, by and through her Next Friend, MEAKA MOBLEY | v | DETROIT PUBLIC SCHOOLS |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Christopher J. Trainor (P42449)<br>Krystina R. Doss (P77365)<br>9750 Highland Road<br>White Lake, MI 48386<br>248-886-8650 |

Detroit Public Schools
3011 W. Grand Blvd., Ste. 1000
Detroit, MI

15-000649-NO
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/9/2015 4:27:32 PM
CATHY M. GARRETT

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>11/9/2015 | This summons expires<br>2/8/2016 | Court clerk<br>Debra Bynum |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in Wayne County Circuit Court _____ Court.
The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 15-000649-NO | John H. Gillis, Jr. | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Detroit, Wayne County | Wayne County |

| Place where action arose or business conducted |
|---|
| Wayne County |

11/09/2015
Date

/s/ Krystina R. Doss
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) SUMMONS AND COMPLAINT  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. 15-000649-NO |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

[ ] **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

**OR**

[X] **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

[X] I served personally a copy of the summons and complaint, *Interrogatories, request for production + deposition notice*
[ ] I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Detroit Public Schools | 3011 W. Grand Blvd., Ste. 1000, Detroit, MI | 11/25/15 |
| Donna Baker | | 3:05 pm |

I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature: *Brian Gorcyca*
Name (type or print): *Process Server*
Title: *Process Server*

Subscribed and sworn to before me on 11-25-15
My commission expires: 8/13/21
Signature: _____ Deputy court clerk/Notary public
Notary public, State of Michigan, County of *Macomb, Acting In Macomb County*

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

*D. Baker* on 11-25-15
Signature: *Donna Baker* on behalf of *Detroit Public Schools*
Attachments: _____